UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANGELA DENISE BOOKER,

                                      For Online Publication Only

            Plaintiff,

                                      **ORDER**
   -against-                         18-CV-857 (JMA)

ANDREW SAUL,[1]
Commissioner of Social Security,

           Defendant.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

       The only issue in this appeal is whether the Administrative Law Judge ("ALJ") failed to adequately develop the record by not requesting an opinion from one of Plaintiff's treating physicians. For the reasons stated below, this case is remanded so that the ALJ can attempt to further develop the record.

       In a Social Security benefits proceeding, an ALJ has an affirmative duty to develop the record where there are deficiencies and "clear gaps in the administrative record." Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999); 20 C.F.R. § 416.912(d). However, "the flip-side of this same proposition" is that "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." Petrie v. Astrue, 412 F. App'x 401, 406 (2d Cir. 2011) (quoting Rosa, 168 F.3d at 79 n.5). "[R]emand is not always required when an ALJ fails in his duty to request opinions, particularly where . . . the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity."

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Commissioner Nancy A. Berryhill as the defendant in this suit.

Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 34 (2d Cir. 2013) (finding that it would be "inappropriate to remand solely on the ground that the ALJ failed to request medical opinions in assessing residual functional capacity" where the record did "not contain formal opinions on [the plaintiff's] RFC from her treating physicians, [but] it [did] include an assessment of [plaintiff's] limitations from a treating physician").

The Court finds that remand is required so that the ALJ can attempt to further develop the record by requesting an opinion from Plaintiff's treating cardiologist. At the hearing, Plaintiff testified that one doctor—who was not identified by name—told her that she should avoid reaching overhead. (Tr. 39.[2]) The precise contours of this alleged restriction are difficult to discern from the transcript. (Id. ("I'm not supposed to do that, that or that.").) Plaintiff testified that although she is physically able to reach overhead, the doctor told her not to do so because it could jeopardize the tear in her aorta and possibly cause an aneurysm. (Id.) The ALJ did not seek a medical opinion from her cardiologist, who—if Plaintiff's testimony is credited—would likely have been the doctor to inform her of such a restriction. Plaintiff's argument that the ALJ had a duty to further develop the record concerning this alleged limitation is bolstered by the consultative examiner's opinion, which found that Plaintiff has a "marked restriction" in the related functions of pushing and pulling. (Tr. 415.) In light of the above, the Court finds remand is necessary here. Because even Plaintiff does not appear to allege that her doctor told her to refrain from all reaching, the ALJ should consider asking Plaintiff's cardiologist to identify the specific extent of Plaintiff's reaching limitations, if any.

Although the reaching limitations about which Plaintiff testified are not mentioned in the treatment notes, the evidence set out above still required the ALJ to attempt to develop the record

---

[2] Citations to "Tr." refer to pages of the certified administrative record filed by the Commissioner. (ECF No. 11.)

further by seeking an opinion from Plaintiff's cardiologist.  Similarly, the fact that treatment notes indicate that Plaintiff reported no cardiovascular symptoms at "low functional activity status," (Tr. 448, 450, 453), also does not preclude remand here.  That status presumably would not include the allegedly prohibited reaching if, in fact, Plaintiff's cardiologist had informed her of such restrictions and she complied with her doctor's recommendation.

Although the Court is skeptical that further development will produce evidence that will ultimately lead to a finding of disability here, remand is still required for the ALJ to further develop the record by requesting an opinion from Plaintiff's treating cardiologist.

Accordingly, the Court grants Plaintiff's Motion for Judgment on the Pleadings and denies Defendant's Cross-Motion for Judgment on the Pleadings.  This matter is hereby remanded so that the ALJ can attempt to further develop the record in accordance with this Order.  The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: May 31, 2020
Central Islip, New York

                                                  /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE